UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK THELEN,

    Petitioner,

v.

JAMES BILLINGSLEY,

    Respondent.
_____/

Case Number 2:19-CV-10182
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE MOTION
FOR EMERGENCY INJUNCTIVE RELIEF (Doc. 6)**

Patrick Thelen, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary hearing conducted by the Bureau of Prisons, in which he was found guilty of testing positive in a urinalysis for using amphetamines and methamphetamines. This finding resulted in the loss of 39 days credit. On February 8, 2019, this Court summarily dismissed the petition as being duplicative of two pending habeas petitions.

Petitioner has filed a motion for emergency injunctive relief. For the reasons that follow, the motion is DENIED.

Petitioner's habeas petition was dismissed because it was duplicative of two prior habeas actions challenging the same disciplinary conviction

and raising the same claim. *See Thelen v. Terris*, No. 5:18-cv-13719 (E.D. Mich.)(Levy, J.); *Thelen v. Billingsley,* No. 2:19-cv-10212 (E.D. Mich.)(Lawson, J.).

A suit is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See, e.g., Barapind v. Reno*, 72 F.Supp.2d 1132, 1145 (E.D. Cal. 1999). Petitioner's habeas petition was dismissed because it was a duplicate petition. *See, e.g. Daniel v. Lafler*, No. 06-CV-12343, 2006 WL 1547772, at * 1 (E.D. Mich. June 1, 2006); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, * 1 (6th Cir. Mar. 7, 1989)(a district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is the same as the first petition). Petitioner's motion for emergency injunctive relief is denied because it is duplicative of the other habeas petitions and the accompanying motions for emergency injunctive relief filed in his other cases.

Petitioner's motion is also moot because he was released from custody on April 3, 2019. See Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/inmateloc (select "Find By Number" tab, select "BOP Register Number" from drop-down menu, and search number field for "16842-039").

"[F]ederal courts may adjudicate only actual, ongoing cases or controversies" under Article III, section 2 of the United States Constitution. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Where the requested relief, such as release from custody, can no longer be granted, a habeas petition is moot. *See Demis v. Sniezek*, 558 F.3d 508, 512–13 (6th Cir. 2009). Petitioner's case is now moot because there is no meaningful relief that the Court can give him. In his petition and accompanying motion, he requested release. The Bureau of Prisons released him from custody. His petition is therefore moot. And because his petition is now moot, his motion for injunctive relief is also moot.

Accordingly, it is ORDERED that the motion for emergency injunctive relief (Doc. 6) is DENIED.

Dated: July 23, 2019

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 23, 2019, by electronic and/or ordinary mail and also on Patrick Thelen #16842-039, RRC Halfway House, 2209 Norman Street, Saginaw, MI 48601.

s/Barbara Radke
Deputy Clerk